[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff moves for summary judgment on the grounds that the special defense of defendants, Richard C. Buckley, Jr., and Janet P. Buckley, lacks merit. That special defense alleges that plaintiff is transacting business in this state without a certificate of authority and, therefore, is prohibited from bringing this action by C.G.S. Section 33-412(a).
Plaintiff's motion must be denied for two reasons. First, "the Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it. SeeBenjamin v. Nunes, 9 Conn. L. Rptr. No. 5, 143 (June 21, 1993) (McDonald, J.), and the cases cited therein." Gianettiv. National Grange Insurance, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 290854 (March 8, 1994, Freedman, J.) (11 Conn. L, Rptr. 234).[1] Rather, "a special defense that is insufficient or invalid on its face may be eliminated by way of a motion to strike pursuant to Practice Book § 152. . . ." Ney v. Brandi, Superior Court, judicial district of New Haven at New Haven, Docket No. 368932 (September 27, 1995, Hodgson, J.).
The second reason is that plaintiff's complaint alleges defendants are in default under the subject mortgage note, an allegation as to which defendants leave plaintiff to its proof Plaintiff's affidavit in support of this summary judgment does not aver a default, so plaintiff has not established that it is CT Page 2147 entitled to judgment.
As a consequence plaintiff's motion for summary judgment is denied.
R. Satter, SJR